JEFFREY R. THURRELL, SBN 202765
LAUREN ROSEMAN (STOCKUNAS), SBN 316800
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| GALEN KOH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.; and DOES 1 through 100,<br><br>　　　　　　Defendants. | Case No.:<br><br>Removed from State Court<br>Case No.: 20CV371866<br><br>**NOTICE OF FILING PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1446(D)**<br><br>Complaint Filed: October 7, 2020<br>Trial Date: None |

TO PLAINTIFF GALEN KOH, HIS COUNSEL OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Defendant, P.F. CHANG'S CHINA BISTRO, INC. through its counsel of record, respectfully petitions for removal of this case from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332 and 1441. The grounds for removal are as follows:

1

DEFENDANT'S NOTICE OF REMOVAL
FP 39510264.1

1. On October 7, 2020, Plaintiff GALEN KOH ("Plaintiff") filed an action in the Superior Court of the State of California in and for the County of Santa Clara, entitled *Galen Koh v. P.F. Chang's China Bistro et al.*, Case No. 20CV371866 (hereafter "State Court Action").

2. Defendant P.F. CHANG'S CHINA BISTRO, INC. ("Defendant") was served with the Complaint for Damages in the State Court Action on November 18, 2020 with a Notice and Acknowledgment of Receipt. Defendant executed the Notice and Acknowledgment of Receipt on December 2, 2020.

3. Defendant timely removed this action on December 31, 2020. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc* (199) 526 U.S. 344, 354 (removal period triggered by service of process); California Code of Civil Procedure §§ 415.30(a),(c)(service is complete on the date the notice form is executed, provided that it is returned to the sender).

**The Amount in Controversy Exceeds $75,000**

4. In assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In other words, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

5. The matter in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interests and costs. In his Complaint, Plaintiff seeks damages for alleged violations of the Fair Employment and Housing Act ("FEHA"), including age discrimination and retaliation. *See generally*, Complaint. Plaintiff further seeks damages for alleged retaliation in violation of the FEHA, *California Labor Code* section 1102.5, wrongful termination in violation of public policy, and seeks declaratory and injunctive relief. *Id.*

6. Based on these allegations, Plaintiff contends that he "has suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at time of trial." Complaint, at ¶¶ 25, 35, 45. Plaintiff also alleges that he "has suffered and will continue to suffer mental suffering, emotional distress, shock, grief depression, anxiety, nervousness, worry, stress,

1  inconvenience, mortification, indignity, fear, terror and ordeal, all to Plaintiff in an amount to be
2  proven at time of trial." *See* Complaint, at ¶¶ 26, 36, 46. Plaintiff also seeks "an award of punitive
3  damages in an amount sufficient to deter them from engaging in such conduct again in the future,
4  in an amount according to proof at time of trial." Complaint, ¶¶ 28, 38, 48.  Punitive damages
5  are also recoverable on claims brought under FEHA, Labor Code section 1102.5, and for
6  wrongful termination claims. *See e.g., Myers v. Trendwest Resorts, Inc.* (2007) 148 Cal.App.4th
7  1403 (1435-1436) (holding punitive damages may be awarded in civil actions for FEHA
8  violations without any cap on the amount awardable).  Finally, Plaintiff seeks the recovery of
9  attorney's fees in conjunction with his action.
10         7.      In sum, Plaintiff's Complaint seeks judgment against Defendant for general
11 damages, special damages, punitive damages, civil penalties, and attorneys' fees, along with
12 declaratory and injunctive relief, among other things.  While the amount of alleged damages is
13 not specifically quantified in the Complaint, based on all of Plaintiff's allegations and request for
14 damages, it is more likely than not that Plaintiff seeks in excess of $75,000.00 in damages,
15 exclusive of interests and costs.
16         8.      "The ultimate inquiry is what amount it put 'in controversy' by the plaintiff's
17 complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536
18 F.Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d
19 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this
20 standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's
21 claims for damages." *Korn,* 536 F. Supp. at 1204-05.
22         9.      In addition, even where the complaint on its face does not identify a specific
23 amount in controversy, a court may consider verdicts in similar cases when determining whether
24 the amount in controversy exceeds the jurisdictional minimum.  See *Ontiveros v. Michaels Stores,*
25 *Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. March 5, 2013);
26 *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other
27 similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).  While
28 Defendant denies any liability whatsoever, and specifically denies that Plaintiff has been damaged

in any way, several examples of jury awards in cases similar to this one include the following:

    a. *Stallworth v. City of Los Angeles*, Superior Court, county of Los Angeles, Docket Number BC341480, 2009 WL 2737022 (July 24, 2009).  The plaintiff alleged discrimination based on race, and retaliation for complaining about discrimination.  Jury Verdict for the plaintiff entered on July 24, 2009, in the amount of $225,798, including $28,174 in past lost earnings, $97,624 for future lost earnings, and $100,000 for past and future emotional distress

    b. *Kell v. Autozone, Inc.*, Sacramento Superior Court Case No. 07AS04375, 2014 WL 509143 (February 24, 2014).  Jury awarded emotional distress damages of $100,00.00 on a claim of wrongful termination in violation of public policy for an employee who alleged that he was terminated in retaliation for complaining about harassment (even though jury found there was no harassment).

    c. *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*, Los Angeles Superior Court Case No. BC511139, 2015 WL 4748037 (July 17, 2015).  Employee alleged disability discrimination, harassment, retaliation, and wrongful termination in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment, and retaliation.  Jury verdict for the plaintiff in the amount of $8,769,128, including $213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, $1,000,000 for future economic loss, and $5,000,000 in punitive damages.

    d. *Monk v. Sacramento Metropolitan Fire District*, Sacramento Superior Court Case No. 04AS00665 (October 30, 2008) (jury awarded emotional distress damages of $100,000.00 on a claim of wrongful termination in violation of public policy for an employee who alleged that he reported the conduct of a subordinate employee to the District Attorney and was terminated in retaliation for such reporting).

10. Based on the above, Plaintiff seeks damages in excess of $75,000.00, and the amount in controversy requirement of 28 U.S.C. §1332(b) is met.

//

**Diversity of Citizenship Exists Between Plaintiff and Defendant**

11. For purposes of diversity jurisdiction, an individual is a citizen of the state where he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

12. In Plaintiff's Complaint, he alleged that he is and at all relevant times was a resident of the state of California. Compl., ¶ 1. Plaintiff also provided Defendant with a residential address in the state of California throughout his employment with Defendant. Declaration of Robert Kennedy ("Kennedy Decl."), ¶ 4. Given that Plaintiff has resided continually in California, he is domiciled in California and is, therefore, a California citizen for diversity purposes. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain . . . .").

13. Defendant P.F. Chang's China Bistro, Inc. is, and was at the time of the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the law of the State of Delaware. Kennedy Decl., ¶ 3. Defendant's principal place of business and nerve center is in Scottsdale, Arizona, where at its headquarters, the "corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (holding that a corporation's principal place of business for diversity purposes was its nerve center: "the place where a corporation's officer direct, control, and coordinate the corporation's activities"); Kennedy Decl., ¶ 3. Accordingly, Defendant is a citizen of Arizona for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *Hertz*, 130 S. Ct. at 1192.

14. Because Plaintiff is a citizen of California while Defendant is not, complete diversity of citizenship exists in this matter.

15. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint filed and served in this action are attached to the Declaration of Lauren Roseman (Stockunas) in Support of P.F. Chang's China Bistro, Inc.'s Notice of Removal ("Roseman Decl."), at ¶ 2 and **Exhibit A**.

//

16. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Notice and Acknowledgment filed, served, and executed in this action are attached to Roseman Dec. at ¶¶ 3 and 4 and **Exhibits B and C**.

17. Pursuant to 28 U.S.C. § 1446(a), true and correct copy of PFC's Answer and Affirmative Defenses to Plaintiff's Unverified Complaint filed and served in this action are attached to the Roseman Dec. at ¶ 5 and **Exhibit D**.

18. Pursuant to 28 U.S.C. § 1446(a), true and correct copy of the Proof of Service of Summons on filed and served in this action are attached to the Roseman Dec. at ¶ 2 and **Exhibit A**.

19. Pursuant to 28 U.S.C. § 1446(d), Defendant, concurrently with the filing of this Notice of Removal, served written notice thereof to all adverse parties and has filed a copy of this Notice with the clerk of the Superior Court of California, County of Santa Clara, from which this case was removed.

20. A copy of the Notice to Adverse Party of Removal to Federal Court is attached to Roseman Dec. at ¶ 7 and **Exhibit E**.

21. A copy of the Notice of Filing Petition for Removal with the state court is attached to Roseman Dec. at ¶ 7 and **Exhibit F**.

Based on the foregoing, Defendant P.F. Chang's China Bistro, Inc. prays that the above described action pending in the Superior Court of California, County of Santa Clara, be removed to this Court.

DATE: December 31, 2020

FISHER & PHILLIPS LLP

By: _____
JEFFREY R. THURRELL
LAUREN ROSEMAN (STOCKUNAS)
Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On December 31, 2020, I served the foregoing document entitled **NOTICE OF FILING PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1446(D)**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael H. Kim, Esq. | Attorneys for Plaintiff, *GALEN KOH* |
| Adam K. Tanouye, Esq. | |
| MICHAEL H. KIM, P.C. | T: (650) 697-8899 |
| 475 El Camino Real, Suite 309 | F: (650) 697-8896 |
| Millbrae, CA 94030 | |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services LLC, whose business address is 404 W. 4th Street, Suite B, Santa Ana, CA 92701.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 31, 2020, at Irvine, California.

Paula Sanchez                                By: *[signature]*
Print Name                                         Signature