**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

P.F. CHANG'S CHINA BISTRO, INC.; and DOES 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GALEN KOH

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
10/7/2020 11:18 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV371866
Reviewed By: R. Tien
Envelope: 5064174

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113

**CASE NUMBER:**
*(Número del Caso):*
20CV371866

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael H. Kim, 475 El Camino Real, Suite 309, Millbrae, CA 94030; (650) 697-8899

DATE: 10/7/2020 11:18 AM   Clerk of Court   Clerk, by R. Tien , Deputy
*(Fecha)*                  *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>MICHAEL H. KIM (SBN 200792); ADAM K. TANOUYE (SBN 304711)<br>MICHAEL H. KIM, P.C.<br>475 EL CAMINO REAL, SUITE 309<br>MILLBRAE, CA 94030<br>  TELEPHONE NO.: 650-697-8899   FAX NO.: 650-697-8896<br>ATTORNEY FOR *(Name)*: GALEN KOH | FOR COURT USE ONLY<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 10/7/2020 11:18 AM<br>Reviewed By: R. Tien<br>Case #20CV371866<br>Envelope: 5064174** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street .
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
Galen Koh v. P.F. Chang's China Bistro, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 20CV371866 |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
✔ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✔ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4. Number of causes of action *(specify)*: 3
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 7, 2020

Michael H. Kim
(TYPE OR PRINT NAME)                                                       ▶ /s/ Michael H. Kim
                                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

E-FILED
10/7/2020 11:18 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV371866
Reviewed By: R. Tien

Michael H. Kim, Esq. (State Bar No. 200792)
Adam K. Tanouye, Esq. (State Bar No. 304711)
**MICHAEL H. KIM, P.C.**
475 El Camino Real, Suite 309
Millbrae, California 94030
Telephone: (650) 697-8899
Facsimile: (650) 697-8896

Attorneys for Plaintiff
GALEN KOH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| GALEN KOH,<br><br>    Plaintiff,<br><br>vs.<br><br>P.F. CHANG'S CHINA BISTRO, INC.; and DOES 1 through 100,<br><br>    Defendants. | Case No. 20CV371866<br><br>**COMPLAINT**<br><br>1. **RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5**<br>2. **RETALIATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940(h)**<br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff GALEN KOH complains and alleges as follows:

### THE PARTIES

1.    Plaintiff GALEN KOH is an individual and resident of the City of Los Banos, County of Merced, and State of California.

2.    On information and belief, Defendant P.F. CHANG'S CHINA BISTRO, INC. is and, at all relevant times herein, is a Delaware corporation doing business in the City of Milpitas, County of Santa Clara, and State of California. Defendant P.F. CHANG'S CHINA BISTRO, INC. owns and operates Chinese cuisine restaurants nationwide, including a branch in San Jose, California where Plaintiff GALEN KOH was employed.

Case No.
COMPLAINT

3. The true names and capacities of defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to state the true name(s) and capacities of such fictitiously named defendants when the same have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each defendant aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts complained of herein and to engage in a course of conduct and the business practices complained of herein

5. Defendant, including Does 1 through 100, inclusive, is now, and/or at all times mentioned in this Complaint the affiliate of some or all other Defendants, and vice-versa, and in doing the thing alleged in this Complaint, Defendant was directly or indirectly controlling, controlled by, or under common control with such other defendants.

6. Defendant, including Does 1 through 100, inclusive, is now, and/or at all times mentioned in this Complaint the agent, servant and/or employee of some or all other defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendant is now and/or at all times mentioned in this Complaint acting within the course and scope of that agency, servitude and/or employment.

7. Defendant, including Does 1 through 100, inclusive, is now, and/or at all times mentioned in this Complaint a member of, and/or engaged in a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

8. Defendant, including Does 1 through 100, inclusive, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint

Case No.                2
COMPLAINT

**JURISDICTION AND VENUE**

9. Jurisdiction is conferred on this Court over the Defendant named herein as the Defendant is conducting business in, and/or residing in California. Jurisdiction is conferred on this Court as to all Claims for Relief as they arise under state statutory or common law.

10. Venue is proper in this Court because Defendant is doing business in this County and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this County.

**FACTUAL ALLEGATIONS**

11. Plaintiff was a full-time employee of Defendants from about June 22, 2018 to August 18, 2019.

12. Plaintiff was an employee at Defendant's P.F. Chang's restaurant located at 925 Blossom Hill Road #1515, San Jose, California.

13. At all relevant times herein, Plaintiff was employed by Defendants as an Executive Chef. Plaintiff managed the kitchen staff, placed orders for the kitchen, lead staff training, recruited staff, did performance reviews of employees, and ensured proper food preparation and safety.

14. In August 2018, Plaintiff was approached by 3-4 employees who complained to him that they were not receiving their rest breaks. He told the employees that he will abide by labor laws and allowed them to take their rest breaks.

15. Shortly thereafter, Plaintiff brought the rest break issue up with his supervisor and General Restaurant Manager, Shawn Wheeler. Mr. Wheeler told Plaintiff that these employees were lying. Plaintiff told Mr. Wheeler that "this is serious," and that "this is what they reported to me." Plaintiff brought up the rest break issue with Mr. Wheeler several times thereafter. Each time, Mr. Wheeler would respond by saying the employees were lying.

16. From October 2018 to April 1, 2019, an employee named Eric Hardy made age discriminatory comments to Plaintiff. Eric Hardy was Plaintiff's Sous Chef. He was in his late 20s and would continuously make jokes and comments regarding Plaintiff's age. For example, Mr.

Case No. 3
COMPLAINT

Hardy asked Plaintiff how old he was and that he "can't be that old because [he] move[s] so fast," in a joking manner. Plaintiff complained to Mr. Hardy each time and was eventually able to convince him to stop making discriminatory comments to him.

17. Mr. Hardy also made age discriminatory remarks to other employees working for Defendant. In May 2019, a prep cook named Veliz approached Plaintiff and told him that Mr. Hardy was harassing him because of his age and forcing him to work during his lunch break. Mr. Hardy would constantly yell at Veliz for being too slow and say it was because he was old. Plaintiff told Mr. Wheeler about Mr. Hardy's age discrimination against Veliz. Mr. Wheeler told Plaintiff not to worry and that he would handle the issue.

18. During the period of June 2018 to about June 2019, Plaintiff noticed that his Caucasian staff would frequently belittle and yell at staff who had difficulty speaking English. He would see the Caucasian staff imitate, make fun of, and laugh at the ethnic employees. His non-native English-speaking staff would regularly complain that they were being harassed on account of their race, nationality, and ethnicity. Plaintiff made 3-4 complaints on behalf of his ethnic employees to Mr. Wheeler. Plaintiff told Mr. Wheeler that these people are getting yelled at because they do not speak English well. Mr. Wheeler said he would tell the Caucasian employees to stop yelling at the ethnic employees, but nothing was ever done. He also complained several times to Michael Focken, Defendant's Regional Manager. In late April or early May 2019, Plaintiff made 2-3 complaints on behalf of his ethnic employees to Mr. Focken, telling him that they do not speak English well and they feel discriminated against, and are working in a hostile environment. Mr. Focken denied the complaints and told Plaintiff "that's not what it is." Realizing his complaints to his supervisors was not effective, Plaintiff called the company's employee "Ethics Point" hotline to report the violations.

19. On August 18, 2019, Plaintiff was called into a meeting with Mr. Focken and Mr. Wheeler. During this meeting, Plaintiff was informed that his employment was being terminated because his leadership towards the staff was not up to their expectations. This accusation was false. He had shown exemplary leadership skills at the restaurant. On information and belief,

Case No.  4
COMPLAINT

Plaintiff was terminated because he complained about the unlawful discrimination and harassment in the workplace and raised the issue of employees not receiving compliant statutory breaks.

### FIRST CAUSE OF ACTION

### Retaliation in Violation of Labor Code Section 1102.5

### (Against Defendant P.F. CHANG'S CHINA BISTRO, INC.)

20. Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

21. At all relevant times herein, Defendant was an "employer" within the meaning of Labor Code section 1102.5, and Plaintiff was an "employee" within the meaning of Labor Code section 1102.

22. Labor Code section 1102.5 states: "An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

23. In violation of Labor Code Section 1102.5, Defendant terminated Plaintiff's employment for complaining and disclosing information about Defendant's failure to provide its employees with rest breaks, and Defendant's failure to address and correct age and race discrimination violations.

24. The retaliatory conduct of Defendant constituted deliberate indifference to the rights of employees, including but not limited to those of Plaintiff under California Government Code § 12940 et seq.

25. As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has

Case No.      5
COMPLAINT

suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Cal. Civ. Code § 3287 and any other provision of law providing for prejudgment interest.

26.     As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has suffered and will continue to suffer mental suffering, emotional distress, shock, grief, depression, anxiety, nervousness, worry, stress, inconvenience, mortification, indignity, fear, terror and ordeal, all to Plaintiff's damage in an amount to be proven at time of trial.

27.     As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

28.     The conduct of the Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship.  Defendants and/or their officers and/or managing agents authorized, condoned and/or ratified the unlawful conduct. Defendant's conduct was despicable and justifies an award of punitive damages in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

**Retaliation in Violation of Government Code Section 12940(h)**

**(Against Defendant P.F. CHANG'S CHINA BISTRO, INC.)**

29.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

30.     At all relevant times herein, Defendant was an "employer" within the meaning of Government Code section 12940, and Plaintiff was an "employee" within the meaning of Government Code section 12940.

31. Government Code section 12940(h) states that it is an unlawful employment practice: "For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

32. Government Code section 12940(a) states that it is an unlawful employment practice: "For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

33. In violation of Government Code section 12940(h), Defendant terminated Plaintiff's employment for complaining and disclosing information about Defendant's failure to address and correct age and race discrimination violations.

34. The retaliatory conduct of Defendant constituted deliberate indifference to the rights of employees, including but not limited to those of Plaintiff under California Government Code § 12940 et seq.

35. As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Cal. Civ. Code § 3287 and any other provision of law providing for prejudgment interest.

36. As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has suffered and will continue to suffer mental suffering, emotional distress, shock, grief, depression, anxiety, nervousness, worry, stress, inconvenience, mortification, indignity, fear, terror and

ordeal, all to Plaintiff's damage in an amount to be proven at time of trial.

37. As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

38. The conduct of the Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship. Defendants and/or their officers and/or managing agents authorized, condoned and/or ratified the unlawful conduct. Defendant's conduct was despicable and justifies an award of punitive damages in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial.

### THIRD CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against Defendant P.F. CHANG'S CHINA BISTRO, INC.)**

39. Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

40. At all relevant times herein, Labor Code Section 1102.5 was binding on Defendant.

41. Labor Code section 1102.5 declares that it is against the public policy of the State of California to retaliate against an employee for disclosing information to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation and exercising such rights.

42. Government Code section 12940(h) declares that it is against the public policy of the State of California to discharge, expel, or otherwise discriminate against any person because the person has opposed, complained about, or reported discrimination in the workplace.

Case No. 8
COMPLAINT

43. These public policies are fundamental, of benefit to the public, and are set forth in the Government Code. These statutes and policies are binding on the Defendant.

44. In violation of these fundamental public policies embodied in Labor Code Section 1102.5 and Government Code section 12940(h), Defendant terminated Plaintiff's employment for complaining about Defendant's failure to provide its employees with rest breaks, and Defendant's failure to address and correct age and race discrimination violations.

45. As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Civil Code* § 3287 and any other provision of law providing for prejudgment interest.

46. As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has suffered and will continue to suffer mental pain and anguish, despair, emotional distress, shock, grief, depression, anxiety, nervousness, worry, stress, inconvenience, mortification, indignity, fear, fright, terror and ordeal, all to his damage in an amount to be proven at time of trial.

47. As a direct and proximate result of said wrongful acts by Defendant, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

48. The conduct of the Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship. Defendants and/or their officers and/or managing agents authorized, condoned and/or ratified the unlawful conduct. Defendant's conduct was despicable and justifies an award of punitive damages in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief as follows:

Case No. 9
COMPLAINT

1. ON ALL CAUSES OF ACTION:

   a. For general damages according to proof, however, no less than the jurisdictional limit of this Court;

   b. For special damages according to proof, however, no less than the jurisdictional limit of this Court;

   c. For economic losses, both past and future, and consequential damages according to proof;

   d. For punitive damages according to proof;

   e. For attorneys' fees as provided by law;

   f. For prejudgment, post-judgment and other interest as provided by law;

   g. For cost of suit incurred herein; and

   h. For such other and further relief as the Court deems fair and just.

Dated: October 7, 2020

MICHAEL H. KIM, P.C.

By: _____
Michael H. Kim, Esq.
Adam K. Tanouye, Esq.
Attorneys for Plaintiff
GALEN KOH

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all causes of action.

Dated: October 7, 2020

MICHAEL H. KIM, P.C.

By: _____
Michael H. Kim, Esq.
Adam K. Tanouye, Esq.
Attorneys for Plaintiff
GALEN KOH

Case No. _____ 10

COMPLAINT

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: 20CV371866

## PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: _____ Department: _____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: _____ Time: _____ in Department: _____

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____ Time: _____ in Department: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CV-5012 REV 08/01/16          **CIVIL LAWSUIT NOTICE**          Page 1 of 1

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### *What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### *What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### *What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530